## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Demolition of Property in   : <br>
Dunkard Township   : <br>
  :   No. 802 C.D. 2023 <br>
Leroy M. Keuning   : <br>
Stacy L. Keuning   :   Submitted: October 8, 2024 <br>
315 Dilliner Hill Road   : <br>
Dilliner, PA 15327   : <br>
Parcel #06-06-214-B   : <br>
  : <br>
Appeal of: Leroy M. Keuning and   : <br>
Stacy L. Keuning   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge <br>
           HONORABLE LORI A. DUMAS, Judge <br>
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

### *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY** <br>
**JUDGE DUMAS**                              **FILED: November 8. 2024**

Leroy M. Keuning and Stacy L. Keuning (Appellants) appeal from the order entered by the Court of Common Pleas of Greene County (trial court), which affirmed the decision of the Dunkard Township (Township) Board of Supervisors (Board). Appellants contend that the trial court erred by holding that they received proper notice of the demolition of their property and sufficient evidence existed justifying the demolition. We affirm.

### I. BACKGROUND[1]

Unless otherwise stated, we present the facts based on the Board's findings of fact. Since 2016, the Township has cited Appellants for violating various

---

[1] We state the facts in the light most favorable to the Township, as the prevailing party. *See Lawrenceville Stakeholders v. City of Pittsburgh Zoning Bd. of Adjustment*, 247 A.3d 465, 473 (Pa. Cmwlth. 2021).

zoning ordinances. Notes of Testimony (N.T.) Hr'g, 7/14/22, at 32. In December 2021, the Township notified Appellants of a roof issue that needed to be fixed by June of 2022. *Id.* at 36. In late June, the Township's engineer inspected the property. Because the roof was not fixed, the Township posted a public notice on Appellants' property deeming the property "dangerous." Board's Findings of Fact & Conclusions of Law (Bd. Op.) (undated) at 2, 4 (unpaginated); N.T. Hr'g at 7. In early July 2022, the Township's engineer notified Appellants regarding various violations. Bd. Op. at 1. The Board scheduled a public hearing, which was advertised in the local paper. *Id.* Appellants attended and testified at the hearing. *Id.*

At the hearing, the Township's building code official testified that she visually inspected Appellants' property, which was a manufactured home. *Id.* at 2-3. In her view, the property violated several provisions of the Township's zoning ordinance and, thus, was a "hazardous structure." *Id.* at 2. The Township's engineer similarly testified that the roof was so "deteriorated," including holes, that it posed "a threat to the safety and the health of" Appellants. *Id.* at 3. He also testified that the cost of repairs would exceed the value of the home and, regardless, the structure could not support a new roof. *Id.*; *see also* N.T. Hr'g at 19 (stating that the "structural member" is "beginning to deform, deflect," and "left unchecked, [the] entire roof will completely collapse").

The Township's code enforcement officer also testified. Bd. Op. at 3-4. The officer stated that "ingress/egress may be limited" because of the poor condition of the "deck/porch." *Id.* at 4. He agreed with the Township's engineer that the structure "is of such a condition that it is a potential concern regarding the health and safety of" Appellants. *Id.* Based upon his experience, his review of the

engineer's report, and two inspections of Appellants' property, Appellants' home "is unsafe to be occupied." *Id.*; *see also* N.T. Hr'g at 38-40 (testifying that "under the best possible conditions, the structure is unsafe"), 53.

The Board reviewed photographs of Appellants' property, which in its view, substantiated the Township witnesses' testimony. Bd. Op. at 4. "There are many issues causing the structure on the property to be unfit for human habitation, such as the collapsing of [the] structural roof and the supporting walls." *Id.* Appellants disagreed, explaining that the "roof is currently leaking 'a little bit' in the living room." *Id.*; N.T. Hr'g at 91.

The Board concluded that it properly noticed Appellants under the ordinance. Bd. Op. at 5. According to the Board, the ordinance requires that prior to demolishing a home, the Township must hold a public hearing to resolve whether the home was dangerous and the viability of any repairs. *Id.* The Board held that the Township has the authority to demolish Appellants' home. *Id.* at 7. The record does not reflect that Appellants challenged the lack of notice under 26 Pa.C.S. § 305.

Appellants appealed the Board's decision to the trial court, raising several issues.[2] In relevant part, Appellants asserted that the evidence did not support the Township's decision to demolish the property. Appeal, 9/15/22. They also raised a general allegation that "they weren't given proper notice and due process was not followed." *Id.*

The trial court took no evidence and affirmed the Board. Trial Ct. Order, 6/28/23. In its order, the trial court held there was sufficient evidence that supported the Board's decision to demolish Appellants' home. *Id.* at 2. The court also agreed that the Township gave proper notice to Appellants. *Id.* Appellants timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

_____

[2] The record does not indicate when the Board filed its decision.

3

## II. ISSUES

On appeal, Appellants raise two issues, which we have reordered to facilitate disposition. First, the Township was required to provide notice under 26 Pa.C.S. § 305. Appellants' Br. at 5. Second, the trial court abused its discretion by finding that the evidence supported the Board's decision to demolish the structure. *Id.*

## III. DISCUSSION[3]

In support of their first issue, Appellants concisely argue, in two short paragraphs, that under 26 Pa.C.S. § 305, "the Township was required to file a declaration of taking." *Id.* at 18. According to Appellants, Section 305 also required that service must include publication in the local legal journal. *Id.* Appellants rely on the Township's testimony at the hearing that it only published the notice in the local newspaper. *Id.*

The Township disagrees, reasoning that The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701, authorized it to enact an ordinance requiring "Appellants to remove any nuisance or dangerous structure." Twp.'s Br. at 10. The Township reasons that it enacted an appropriate ordinance and complied with the procedure set forth in that ordinance to demolish Appellants' home. *Id.* The ordinance, per the Township, does not require notice in the local legal journal. *Id.* at 11. The Township rejects Appellants' reliance on 26 Pa.C.S. § 305 because the Township did not use a declaration of taking. *Id.* at 10. In any event, the Township points out that Appellants testified at the hearing. *Id.* at 11.

_____

[3] When the trial court takes no additional evidence, we review the agency's decision to determine whether constitutional rights were violated, whether an error of law was committed, or whether the Board's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 754(b). We view the record in the light most favorable to the prevailing party. *See Lawrenceville Stakeholders*, 247 A.3d at 473.

4

Neither party discussed caselaw.

It is well settled that the "purpose of notice of condemnation and demolition orders is to provide the property owner with the opportunity for a hearing in which to litigate the question of whether the property is actually a danger to public safety, and to provide the property owner with a reasonable time in which to make repairs in order to eliminate the dangerous condition." *City of Pittsburgh v. Pivirotto*, 502 A.2d 747, 750 (Pa. Cmwlth. 1985) (footnote omitted).

Initially, Appellants did not raise and preserve their notice issue under 26 Pa.C.S. § 305 before the Board or the trial court. *See* Pa.R.A.P. 302; *Station Square Gaming L.P. v. Pa. Gaming Control Bd.*, 927 A.2d 232, 240 (Pa. 2007). Regardless, the Eminent Domain Code applies only to condemnations for a public purpose, and the Township was not condemning Appellants' land for a public purpose. *See* 26 Pa.C.S. § 102. Further, the notice requirement of 26 Pa.C.S. § 305 applies only when the condemnor files a declaration of taking. *Id.* § 305(a). The Township did not file any such declaration. *See id.* Finally, the purpose of notice prior to demolition was to ensure Appellants had the opportunity to participate in the hearing to decide whether their property should be demolished. *See Pivirotto*, 502 A.2d at 750. Appellants did so here. *See id.*; *see generally* N.T. Hr'g.

In support of their second issue, Appellants contend that the record does not establish that their property was structurally unsafe. Appellants' Br. at 15. In support, they reason that none of the Township's witnesses actually entered their home "to determine if it was structurally unsound and a danger to the public" or Appellants. *Id.* at 15-16. In Appellants' view, the Board should have believed Appellants' testimony "that the structure was sound and that they had no fear that it would collapse." *Id.* at 16.

5

Generally, we review the agency's demolition order to resolve whether its findings are supported by substantial evidence. *See City of Phila. v. A Kensington Joint, LLC*, 301 A.3d 988, 1000 (Pa. Cmwlth. 2023) (*Kensington*). "In performing a substantial evidence analysis, the evidence must be viewed in a light most favorable to the party that prevailed below, and it is immaterial if evidence in the record could have supported a different outcome." *Id.* at 1000 n.12.

Instantly, the Township's witnesses testified Appellants' home was structurally unsound and unfit for habitation. *See, e.g.*, N.T. Hr'g at 20, 40. We agree with the trial court and the Township that the Board's findings are supported by substantial evidence. The fact that Appellants disagreed with their testimony does not mean there was no substantial evidence. *See Kensington*, 301 A.3d at 1000 n.12.[4] Finally, we reiterate that the Township gave Appellants six months to repair the roof and they did not.

## IV. CONCLUSION

For these reasons, we affirm the trial court. Appellants did not preserve their notice issue and substantial record evidence exists that the structure is unsafe.

LORI A. DUMAS, Judge

---

[4] Appellants also argued that the Board should not have considered various exhibits that were entered into evidence. Appellants' Br. at 16-17. Because Appellants failed to object, they waived their argument. To the extent Appellants contend that the Township's witnesses did not inspect the interior of their home, Appellants testified they would never have let the witnesses inside. *See* N.T. Hr'g at 76.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Demolition of Property in : 
Dunkard Township :
 : No. 802 C.D. 2023
Leroy M. Keuning :
Stacy L. Keuning :
315 Dilliner Hill Road :
Dilliner, PA 15327 :
Parcel #06-06-214-B :
 :
Appeal of:  Leroy M. Keuning and :
Stacy L. Keuning :

## **O R D E R**

AND NOW, this 8th day of November, 2024, we AFFIRM the order entered by the Court of Common Pleas of Greene County on June 28, 2023, that denied the appeal of Leroy M. Keuning and Stacy L. Keuning.

**LORI A. DUMAS, Judge**